1842.

Latting
v.
Hall.

---

## Latting vs. Hall and others.

To authorize the complainant, on a hearing upon bill and answer, to read deeds or other instruments in writing set out in the bill, under the provisions of the 17th rule of the court of chancery, he must not only set out the deed or other instrument in his bill, but he must also state therein that such deed or instrument has been duly acknowledged, or proved, in such a manner as to entitle it to be read in evidence without further proof.

Where the complainant supposing that a deed set out in his bill had been admitted by the answer of the defendant, and has therefore through inadvertence omitted to file a replication and make proof of the execution of the deed, if he discovers his mistake for the first time at the hearing of the cause upon bill and answer, his proper remedy is to apply to the court to postpone the further hearing of the cause to a future day, to enable him to make a special application for leave to file a replication and prove the execution of such deed, upon such terms as may be equitable and just.

THIS was an appeal from an order of the vice chancellor of the first circuit refusing a rehearing, upon the applica-

January 24.

tion of the complainant.    The cause was brought to hearing upon bill and answer.    Upon the hearing the defendant's counsel objected that an assignment of the mortgage, under which the complainant claimed a decree in his favor, was not admitted by the answer.    The complainant's counsel thereupon asked that the hearing of the cause might be suspended a few minutes, until he could step into the adjoining room and prove the assignment before a commissioner, and thus to enable him to read it on the hearing, under the provisions of the 17th rule of the court of chancery ; the counsel himself being the subscribing witness to such assignment.    This permission was refused by the court; and the complainant's bill was dismissed, with costs, on the ground that there was no proof or admission of the assignment.    Upon these facts the complainant asked for a rehearing, which was denied.

*S. M. Woodruff*, for the appellant.

*J. Rhoades*, for the respondents Hall and wife.

THE CHANCELLOR.    The vice chancellor very properly decided that this was not a case in which the complainant could obtain relief by a rehearing.    For the complainant's counsel was under a mistake in supposing that if he had proved the assignment before the commissioner, during the argument, he could have read the same in support of the allegation in his bill, under the 17th rule of this court.

Previous to the amendment of that rule, in 1839, no evidence whatever could be gone into at the hearing upon bill and answer.    And no documents could be read in support of the complainant's bill except such as were distinctly admitted in the answer, although they were matters of record, or were duly proved or acknowledged, so as to admit them to be read in evidence in any suit or proceeding without further proof.    The 17th rule, as amended, obviates the difficulty and delay of filing a replication for the mere purpose of introducing record evidence, or evidence

arising from deeds or other instruments duly proved or acknowledged, in case the defendant does not think proper to put such prima facie evidence in issue, by his answer, after being distinctly apprised of its existence by the statement thereof in the bill. But to entitle the complainant to read such documentary evidence in support of his bill, on the hearing upon bill and answer, he must, where it consists of a deed or other instrument duly proved or acknowledged, not only state the existence of the deed or instrument itself in his bill, but it must also appear from the bill that such deed or instrument has been duly acknowledged, or proved, in such a manner as to make it legal evidence without any further proof than the production of the same, or the production of an exemplification of the record thereof, at the hearing.

In the present case, as the assignment of the mortgage had not been proved or acknowledged at the time of filing the bill, it could not be so stated therein as to entitle the complainants' to read it in support of that allegation in the bill, under the provisions of the 17th rule, upon a hearing of the cause on bill and answer. The proper course for the complainant's solicitor and counsel, therefore, when he discovered for the first time, at the hearing, that the defendants had not in their answer admitted the execution of the assignment of the mortgage, and that he had through inadvertence neglected to file a replication and prove the fact in the usual way, was to have asked the vice chancellor to let the hearing stand over to some future day ; to enable him to make an application for leave to file a replication and to prove the execution of the assignment, upon such terms as to costs or otherwise as should be equitable and just. And if the bill has been dismissed generally, and there is not merely a decree of dismissal without prejudice to the complainant's right to institute a new suit upon the mortgage, relief should now be extended to him on some equitable terms. For the complainant ought not to be forever barred and precluded from asserting a just claim to relief, in consequence of this mere technical mistake of his

solicitor. The prayer of the petition in this case, however, was not so framed as to authorize the vice chancellor to grant the proper relief thereon.

The order appealed from must therefore be affirmed with costs; but without prejudice to a new application to set aside the decree of dismissal, on terms, and for such relief in the premises as the complainant may be advised to ask for. And the proceedings are remitted to the vice chancellor, to the end that such an application may be made to him.